IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

TIM BROWN, et al.,

    Plaintiffs,

v.                              CIVIL ACTION NO. 1:10-1245

TETHYS BIOSCIENCE, INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant's partial motion to dismiss or, in the alternative, motion for summary judgment. (Doc. #7 ). For reasons expressed more fully below, that motion is GRANTED in part and DENIED in part.

**I. Background**

On or about September 23, 2010, Tim Brown, Michael Lillie, Richard Hidalgo, Valerie Honaker, and Bonnie Weiss (collectively "Plaintiffs"), filed the instant action against Tethys Bioscience, Inc. ("Tethys") in the Circuit Court of Mercer County. All of the plaintiffs except for Weiss are residents of states other than West Virginia. Brown is a resident of Richmond, Virginia; Lillie is a resident of Redmond, Washington; Hidalgo is a resident of Morristown, Tennessee; and Honaker is a resident of Cary, North Carolina. Id. at ¶¶ 2-5.

According to the Complaint, Tethys, a Delaware corporation with its principal place of business in California, "discovers, develops, and commercializes tests that use biomarkers to

identify whether an individual is at risk for chronic metabolic diseases such as diabetes." Complaint ¶¶ 6, 8. The "PreDX Diabetes Risk Test," a Tethys product, allegedly assesses an individual's risk of developing Type 2 diabetes within five years. Id. at ¶ 9.

Plaintiffs allege they were recruited and hired by Tethys to market and sell its PreDX Diabetes Risk Test to health care providers in West Virginia and throughout the United States. Id. at ¶¶ 10, 11. As part of the hiring process, plaintiffs claim they were told that Tethys had contracts and agreements in place with medical laboratories and HMO organizations to pay for the Diabetes Risk Test. Id. at ¶ 16. After accepting employment, plaintiffs aver they discovered that Tethys did not have such contracts and, without such contracts, they were unable to meet their sales goals. Id. at ¶¶ 19, 20. According to plaintiffs, Tethys told them to use improper means to secure sales of the Diabetes Risk Test. Id. at ¶ 21. When plaintiffs refused to engage in the alleged improper sales methods and were unable to meet sales goals, they were allegedly terminated from employment or forced to resign. Id. at ¶ 24.

Plaintiffs' Complaint contains three claims: Actual and/or Constructive Fraud (Count I), Retaliatory Discharge (Count II), and Punitive Damages (Count III). On October 21, 2010, Tethys removed the case to this court on the basis of diversity

jurisdiction. Tethys has moved to dismiss the Complaint in its entirety as to plaintiffs Brown, Lillie, Hidalgo, and Honaker. It has also moved to dismiss Count Three as to Weiss.

## II. Standard of Review

"[A] motion to dismiss for failure to state a claim for relief should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989) (citation omitted) (quoting Conley v. Gibson, 355 U.S. 41, 48 (1957), and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Ibarra v. United States, 120 F.3d 474, 474 (4th Cir. 1997).

In evaluating the sufficiency of a pleading, the recent cases of Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), provide guidance. When reviewing a motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted, a court must determine whether the factual allegations contained in the complaint "give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests," and, when accepted as true, "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 127 S. Ct. at 1969. As the Fourth Circuit has explained, "[a] complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains 'enough facts to state a claim to relief that is plausible on its face.'" Lainer v. Norfolk S. Corp., 2007 WL 4270847 at *3 (4th Cir. 2007) (quoting Twombly, 127 S. Ct. at 1974).

According to Iqbal and the interpretation given it by our appeals court,

> [L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes. See Iqbal, 129 S.Ct. at 1949. We also decline to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n. 26 (4th Cir. 2009); see also Iqbal, 129 S. Ct. at 1951-52.
>
> Ultimately, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Facial plausibility is established once the factual

> content of a complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, the complaint's factual allegations must produce an inference of liability strong enough to nudge the plaintiff's claims "'across the line from conceivable to plausible.'" Id. at 1952 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).
>
> Satisfying this "context-specific" test does not require "detailed factual allegations." Id. at 1949-50 (quotations omitted). The complaint must, however, plead sufficient facts to allow a court, drawing on "judicial experience and common sense," to infer "more than the mere possibility of misconduct." Id. at 1950. Without such "heft," id. at 1947, the plaintiff's claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability," id. at 1949, fail to nudge claims "across the line from conceivable to plausible." Id. at 1951.

Nemet Chevrolet, LTD v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009).

### III. Analysis

Defendant's motion to dismiss is premised on the notion that, because the four nonresident plaintiffs are not residents of West Virginia and have no connection to West Virginia, they cannot support a claim for violation of West Virginia law. According to Tethys, "[u]nder West Virginia conflict of laws principles, the laws of states other than West Virginia must be applied to the Non-Resident Plaintiffs." Defendant's Memorandum of Law at p. 4. Tethys sees plaintiffs' allegations as "premised upon violation of West Virginia law" and argues that the nonresident plaintiffs must be dismissed because they lack a connection to West Virginia. See id. at 5.

5

In response, plaintiffs agree that the claims of all plaintiffs do not arise under West Virginia law but disagree that dismissal is required. According to plaintiffs, this court should merely apply the appropriate choice of law rules and evaluate each plaintiff's case under the applicable law. To that end, they ask for leave to amend the Complaint to delete the words "this State" in Count II. They also contend that, contrary to Tethys' assertions, West Virginia law governs the claims of plaintiff Brown.[1]

In reply, Tethys argues that neither it nor the court should have to guess which State's laws governs the claims of each plaintiff.

A.  *Count 1: Fraud*

Count 1 is a claim for fraud and/or constructive fraud. According to plaintiffs:

> 27. Defendant knew or should have known that its representations to Plaintiffs about the existence of contracts with medical laboratories and agreements with HMO's were false.

---

[1] Tethys tendered the affidavit of Brian Best who states that plaintiff Brown "did not engage in any business activities on behalf of Defendant in West Virginia." Best Aff. ¶ 3. This testimony is in direct conflict with the Complaint which alleges that Brown "marketed and sold Defendant's products in West Virginia." Complaint ¶ 2. Furthermore, Brown has submitted his own affidavit which also contradicts Mr. Best on this point. Brown Aff. ¶ 3. At this juncture, it is not only inappropriate but also impossible to resolve this conflict. Accordingly, the motion to dismiss Counts 1 and 2 as to Brown is DENIED.

28. The existence of contracts with medical laboratories and agreements with HMO's [sic] was a material reason Plaintiffs accepted employment with Defendant, and Plaintiffs justifiably relied to their detriment on Defendant's representations concerning the existence of contracts with medical laboratories and agreements with HMO's [sic].

29. Plaintiffs were damaged by Defendant's false representations by resigning from other employment or declining other opportunities and have suffered past and future lost wages, loss of fringe benefits, loss of reputation, loss of stock options, attorney fees and costs, and mental anguish because of Defendant's conduct.

Complaint ¶¶ 27-29.

Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The Fourth Circuit has concluded that "a complaint which fails to specifically allege the time, place and nature of the fraud is subject to dismissal on a Rule 12(b)(6) motion." Lasercomb America, Inc. v. Reynolds, 911 F.2d 970, 980 (4th Cir. 1990); see also Holland v. Cline Brothers Mining Co., 877 F. Supp. 308, 318 (S.D.W. Va. 1995). "[N]aked assertions devoid of further factual enhancement" are not sufficient to survive a motion to dismiss." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Plaintiffs concede that the fraud claims of Lillie, Hidalgo, and Honaker are not governed by West Virginia law. Furthermore, there is nothing in the Complaint that establishes they are seeking redress under West Virginia law as to Count 1. While

7

they may not be entitled to pursue a fraud claim under West Virginia law, they have stated a prima facie case for fraud in any number of jurisdictions. Although Tethys argues it should not have to guess about which State's law applies and that plaintiffs should be required to specifically assert the law of the State that governs their fraud claim, they fail to assert any authority for that proposition. In any event, the choice of law issue will be resolved based on the facts of the case and not the assertions made by the parties.[2]

The court finds that the fraud claims as to Lillie, Hidalgo, and Honaker satisfy <u>Twombly</u> and <u>Iqbal</u> and the motion to dismiss as to Count 1 is DENIED.

B.   *Count 2: Retaliatory Discharge*

On the face of the Complaint, the retaliatory discharge claims of all plaintiffs are grounded in West Virginia law.

> 31.  Defendant's request that Plaintiffs use unethical and illegal means to market its PreDX Diabetes Risk Test was a violation of the public policy of <u>this State</u>.
>
> 32.  Plaintiffs' refusal to use unethical and illegal means to market the PreDX Diabetes Risk Test was protected activity in <u>this State</u>.

---

[2] For example, even though plaintiffs Weiss and Brown contend their fraud claims are governed by West Virginia law, a choice of law analysis might suggest otherwise.

Complaint ¶¶ 31, 32 (emphasis added).  Plaintiffs suggest that this is merely an oversight and ask for leave to amend their complaint to delete the word "this State."

It is clear that plaintiffs Lillie, Hidalgo, and Honaker cannot state a claim for retaliatory discharge under West Virginia law.  Furthermore, the court agrees with Tethys that merely allowing plaintiffs to delete "this State" will not correct the deficiencies in their pleading.  The tort of retaliatory discharge in violation of public policy varies widely by state.  Compare Borden v. Johnson, 395 S.E.2d 628, 630 (Ga. App. 1990) ("Thus, an at-will employee whose employment is `wrongfully' terminated in violation of the `public policy' that is established by specific state or federal statutes may pursue his applicable statutory remedy without being barred by the proposition that an employer otherwise incurs no liability for discharging an at-will employee. . . . [U]nless our General Assembly has created a specific exception to OCGA § 37-7-1, an at-will employee has no viable state remedy in the form of a tort action for `wrongful' discharge against his or her former employer.") (emphasis in original), with Ligon v. County of Goochland, 279 Va. 312, 317 (2010) ("Courts in Virginia generally do not recognize a common law tort claim for retaliatory discharge.").  Accordingly, in order to satisfy Twombly and Iqbal, each plaintiff will need to identify how the conduct

complained of violates the public policy of their particular state and falls within the exception to employment-at-will. Only then can the court determine if Lillie, Hidalgo, and Honaker have stated a claim of retaliatory discharge for which relief can be granted.

For this reason, the court will grant defendant's motion to dismiss Count 2 as to Lillie, Hidalgo, and Honaker. Plaintiffs will, however, be permitted to file a motion to amend the Complaint seeking to cure the deficiencies identified herein.

C.   *Count 3: Punitive Damages*

To the extent plaintiffs have pleaded punitive damages as a cause of action, that is improper. Accordingly, Count 3 is DISMISSED.[3]

D.   *Forum Non Conveniens*

Tethys also argues, in the alternative, that the court should dismiss the case on the ground of forum non conveniens. That motion is DENIED.

"In a federal court sitting under diversity jurisdiction, a motion to dismiss due to forum non conveniens is governed by federal, not state, law, as the interests of the federal forum in self-regulation, administrative independence, and self-management are more important than any interest in uniformity between the

---

[3] In their prayer for relief, plaintiffs also made a demand for punitive damages which the court's ruling on Count 3 does not impact.

federal and state forums in a single state." Isdal-Giroux v. Linguisearch, Inc., 2007 WL 865248, *2 (D. Ariz. 2007) (citing Ravelo Monegro v. Rosa, 211 F.3d 509, 511 (9th Cir. 2000)). "Since the passage of 28 U.S.C. § 1404(a), a federal court is without power to dismiss an action under the common law doctrine of forum non conveniens where § 1404(a) is applicable, since the remedy for an inconvenient forum under the statute is not a dismissal but a transfer." Id.

> According to the change of venue statute:
>
> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). The Supreme Court has explained the limited availability of a forum non conveniens dismissal.

> The common-law doctrine of forum non conveniens has continuing application in federal courts only in cases where the alternative forum is abroad . . . and perhaps in rare instances where a state or territorial court serves litigational convenience best. For the federal court system, Congress has codified the doctrine and has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action.

Sinochem Inter. Co., LTD v. Malaysia Inter. Shipping Corp., 549 U.S. 422 (2007) (internal citations and quotations omitted).

Thus, the remedy for an inconvenient forum in this case would be a transfer to the appropriate forum as provided for in § 1404(a), not a dismissal under the doctrine of forum non conveniens.

11

## IV. Conclusion

For the reasons discussed above, the motion to dismiss filed by Tethys is GRANTED in part and DENIED in part. The Clerk is requested to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 28th day of April, 2011.

ENTER:

David A. Faber
Senior United States District Judge