IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **TIM BROWN**, *et al.*, ) | |
| ) | |
| **Plaintiffs**, ) | |
| ) | |
| v. ) | Civil Action No. 1:10-1245 |
| ) | |
| **TETHYS BIOSCIENCE, INC.**, ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Defendant filed a Motion to Compel Responses to Discovery on April 1, 2011 (Document No. 52.), and a Renewed Motion to Compel Responses to Discovery on May 17, 2011 (Document No. 69.).[1] In its Motion (Document No. 52.), Defendant states that it served Interrogatories and Requests for Production of Documents upon each of the Plaintiffs on January 27 and Plaintiffs filed their Responses between March 4 and 9, 2011. Defendant states that Plaintiffs did not provide Verifications of their Responses to Defendant's Interrogatories and Plaintiffs' responses to Interrogatories 5 7 and 8 and Plaintiff Brown's response to Interrogatory No. 6 were deficient.[2] Interrogatory No. 5 asked Plaintiffs to "identify the sales requirements required by Tethys as alleged in Paragraph 13 of the Complaint." Interrogatory No. 7 asked Plaintiffs to identify each and every fact in your possession in support of the allegations of Paragraph 18 of the Complaint about Plaintiff

---

[1] Plaintiff filed their Complaint in the Circuit Court of Mercer County in September, 2010, alleging Defendant's misrepresentation of facts underlying their employment and retaliatory discharge. Defendant removed this matter to this Court on October 21, 2010. (Document No. 1.)

[2] By Stipulation of Dismissal filed on June 8, 2011 (Document No. 75.), this matter was dismissed with prejudice with respect to Plaintiff Tim Brown. As Mr. Brown is no longer a party to this matter, issues pertaining to his responses to discovery are moot.

'cashing in stock options and giving up additional employment benefits.'" Interrogatory No. 8 asked Plaintiffs to "identify past lost wages, future lost wages, lost fringe benefits, attorneys' fees and costs, and any amount attributable to mental anguish because of Defendant's conduct as alleged in Paragraph 29 of the Complaint.

Defendant asserts that Plaintiffs' Responses to its Request for Production of Documents were deficient as well. Plaintiffs responded to many of the Requests stating that "Plaintiff does not have documents responsive to this request in his[her] possession at this time, and will supplement this response if and when such documents are received." Defendant states correctly that Federal Rule of Civil Procedure 34 not only required Plaintiffs to provide documents with in their possession, but also required them to produce documents within their custody and control. Because Plaintiffs only state that they have no documents in their possession and were required to produce documents within their custody and control, Defendant charges that "Plaintiffs failed to conduct a reasonable investigation to obtain all responsive documents." Plaintiffs responded to several Requests making the above statement and adding that "Plaintiff further states that documents responsive to this request are maintained by defendant." Defendant asserts that Plaintiffs' responses are deficient for the same reasons and states that "the fact that Defendant may also be in possession of documents that would be responsive to these requests does not excuse Plaintiffs from their duty to produce all responsive documents within their possession, custody or control." Plaintiffs objected to Defendant's request that they "produce any and all documents representing attorneys' fees and costs incurred to date, paid or unpaid as alleged in . . . the Complaint." Plaintiffs stated in objecting that "[a]ccrued attorneys' fees and costs are, at this time, within the attorney-client privilege and will be disclosed as an element of damages upon the determination of liability or as ordered by the Court." Defendant

asserts that "[t]he information sought is relevant and the attorney-client privilege would not extend to documents that evidence the total amount of attorneys' fees and costs incurred to date." Finally, Defendant contends that Plaintiff Brown's responses to several of its Requests for Production were deficient. Defendant requests that the Court order Plaintiffs to provide Verifications of their Responses to Defendant's Interrogatories and provide answers and responses to Defendant's discovery requests without objections. Defendant further requests an award of attorneys' fees incurred in moving to compel Plaintiffs' further answers.

In its Renewed Motion (Document No. 69.), Defendant states that Plaintiffs have provided Verifications and responded to Defendant's First Set of Request for Production of Documents. Defendant states, however, that Plaintiffs did not respond to Interrogatory Nos. 5, 7 and 8 and Plaintiff Brown did not respond to Interrogatory No. 6.

Plaintiffs filed a Response to Defendant's Motions on May 26, 2011. (Document No. 74.) Plaintiffs state that on March 30, 2011, their attorney and Defendant's attorney "engaged in an extensive telephone conversation regarding the Plaintiffs' discovery responses in which the parties reached an agreement on all outstanding discovery issues except the issue of the discoverability of attorney fees." Plaintiffs state that they have provided Verifications and supplemented their Responses to Interrogatory Nos 5 and 7. Two issues, however, appear to remain unresolved: (1) whether Defendant is entitled to information respecting Plaintiffs' attorneys' fees and costs incurred in this matter or the information is attorney-client privileged while this matter is pending; and (2) whether Plaintiffs should be required to produce documents which Defendant has in its possession. Plaintiffs claim that Defendant is not entitled to an award of attorneys' fees incurred in moving to compel their further answers because Defendant "filed the motion to compel without conferring in

good faith; one telephone call to counsel for Plaintiffs two days before filing the motion is not a good faith attempt to resolve the issues." Rather, Plaintiffs claim that they are entitled to an award of attorneys' fees because Defendant's Motion was filed hastily and "Defendant's motion to compel was not substantially justified . . .." Defendant did not file a Reply to Plaintiffs' Response to its Motion.

The undersigned notes that Defendant has filed Motions for Summary Judgment with respect to each of the remaining four Plaintiffs. (Document Nos. 92, 94, 96 and 98.)

## **DISCUSSION**

The threshold consideration in resolving any dispute respecting information which a party is seeking in discovery is whether the information is within the scope of discovery as contemplated by Federal Rule of Civil Procedure 26(b)(1). That Rule provides as follows respecting the scope of discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Rule 26(b)(2)(C) provides that the Court is required to impose limitations upon the frequency or extent of discovery within the scope of Rule 26(b)(1) as follows:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (I) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

      (ii)     the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

      (iii)    the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance if the discovery in resolving the issues.

"District Courts enjoy nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders." Hinkle v. City of Clarksburg, West Virginia, 81 F.3d 416, 426 (4th Cir. 1996).

### Discovery of Attorneys' Fees When Plaintiffs Have Demanded Them.

Plaintiffs claim entitlement in their Complaint to the payment of their attorneys' fees and costs incurred in this matter, and Defendant has requested information respecting the amount of Plaintiffs' attorneys fees and costs. The information which Defendant has requested is clearly relevant and therefore discoverable under Rule 26(b)(1) unless privileged. "Typically, the attorney-client privilege does not extend to billing records and expense reports." Chaudhry v. Gallerizzo, 174 F.3d 394, 402 (4th Cir. 1999), cert. denied, 528 U.S. 891, 120 S.Ct. 215, 145 L.Ed.2d 181 (1999); Equitable Production Co. v. Elk Run Coal Co, Inc., 2008 WL 5263735 (S.D.W.Va.)("[A] party may not attempt to recover damages for a particular type of loss and then refuse to produce evidence for that alleged loss for thorough examination and testing by the opposing party.") If, however, billing records contain information respecting a party's litigation strategy, that information is attorney-client privileged and need not be disclosed. Chaudhry, 174 F.3d at 403. Billing records should be redacted to exclude such information and then disclosed. Defendant is clearly entitled to information respecting Plaintiffs' attorneys' fees and costs incurred in this matter. The undersigned will therefore order Plaintiffs to disclose information respecting the amount of their attorneys' fees and costs immediately upon resolution of the pending Motions for Summary Judgment unless the District

Court's rulings upon those Motions disposes of this matter or Plaintiffs are determined not to be entitled to that relief.

**Discovery of Documents When the Requesting Party Possesses Them.**

Rule 34(a)(1) provides that "[a] party may serve on any other party a request within the scope of Rule 26(b):(1) to produce and permit the requesting party or its representatives to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: (A) any designated documents or electronically stored information * * *; (B) any designated tangible things[.]" Rule 34(b)(2)(B) states that the responding party must "[f]or each item or category . . . either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." That the requesting party possesses a requested document is not a cognizable objection. The responding party must produce documents responsive to the request for inspection unless, of course, they are privileged or one of the Rule 26(b)(2)(C) criteria apply. If privileged, the responding party must comply with Rule 26(b)(5), and if one of the Rule 26(b)(2)(C) criteria apply, the responding party should move for a protective order under Rule 26(c). Merely objecting on grounds that the requesting party possesses a requested document will prompt the requesting party's filing of a motion to compel and the possibility of sanctions under Rule 37(c)(1). Having considered the positions of the parties, the undersigned will order Plaintiffs to produce all documents responsive to Defendant's requests for inspection to the extent that Plaintiffs have not already done so.

Accordingly, it is hereby **ORDERED** that Defendant's Motion to Compel Responses to Discovery and Renewed Motion (Document Nos. 52 and 69.) are **GRANTED**. Plaintiffs shall disclose information respecting the amount of their attorneys' fees and costs immediately upon

resolution of the pending Motions for Summary Judgment unless the District Court's rulings upon those Motions disposes of this matter or Plaintiffs are determined not to be entitled to that relief. Plaintiffs further shall produce all documents responsive to Defendant's requests for inspection to the extent that Plaintiffs have not already done so. As apparently Plaintiffs attempted to work with Defendant respecting the issues raised in Defendant's Motions fairly promptly after they were filed, the undersigned denies Defendant's request for an award of attorney's fees incurred in filing its Motions.

The Clerk is directed to transmit a copy of this Order to counsel of record.

ENTER: January 24, 2012.

R. Clarke VanDervort
United States Magistrate Judge