IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

TIM BROWN, et al.,

    Plaintiffs,

v.   CIVIL ACTION NO. 1:10-1245

TETHYS BIOSCIENCE, INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are plaintiffs' first and second motions to file an amended complaint. (Docs. #55 and 78). For reasons expressed more fully below, the second motion to file an amended complaint is GRANTED and the first motion to file an amended complaint is DENIED as moot.

**I.  Background**

On or about September 23, 2010, Tim Brown, Michael Lillie, Richard Hidalgo, Valerie Honaker, and Bonnie Weiss (collectively "Plaintiffs"), filed the instant action against Tethys Bioscience, Inc. ("Tethys") in the Circuit Court of Mercer County.  On October 21, 2010, Tethys removed the case to this court on the basis of diversity jurisdiction.  All of the remaining plaintiffs[1] except for Weiss are residents of states other than West Virginia.  Lillie is a resident of Redmond,

---

[1] A Stipulation of Dismissal, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), as to plaintiff Tim Brown was filed on June 8, 2011.

Washington; Hidalgo is a resident of Morristown, Tennessee; and Honaker is a resident of Cary, North Carolina. Id. at ¶¶ 2-5.

According to the Complaint, Tethys, a Delaware corporation with its principal place of business in California, "discovers, develops, and commercializes tests that use biomarkers to identify whether an individual is at risk for chronic metabolic diseases such as diabetes." Complaint ¶¶ 6, 8. The "PreDX Diabetes Risk Test," a Tethys product, allegedly assesses an individual's risk of developing Type 2 diabetes within five years. Id. at ¶ 9.

Plaintiffs allege they were recruited and hired by Tethys to market and sell its PreDX Diabetes Risk Test to health care providers in West Virginia and throughout the United States. Id. at ¶¶ 10, 11. As part of the hiring process, plaintiffs claim they were told that Tethys had contracts and agreements in place with medical laboratories and HMO organizations to pay for the Diabetes Risk Test. Id. at ¶ 16. After accepting employment, plaintiffs aver they discovered that Tethys did not have such contracts and, without such contracts, they were unable to meet their sales goals. Id. at ¶¶ 19, 20. According to plaintiffs, Tethys told them to use improper means to secure sales of the Diabetes Risk Test. Id. at ¶ 21. When plaintiffs refused to engage in the alleged improper sales methods and were

unable to meet sales goals, they were allegedly terminated from employment or forced to resign.  Id. at ¶ 24.

Plaintiffs' Complaint contained three claims:  Actual and/or Constructive Fraud (Count I), Retaliatory Discharge (Count II), and Punitive Damages (Count III).  On April 20, 2011, plaintiffs filed their first motion to amend.  In that motion, they sought to add Cynthia Walker as a plaintiff and add counts for negligent misrepresentation and negligence.

On April 28, 2011, while the first motion to amend was pending and not yet fully briefed, the court granted in part and denied in part defendant's partial motion to dismiss or, in the alternative, for summary judgment. Specifically, the court dismissed Count Three which asserted a cause of action for punitive damages.  The court also granted defendant's motion to dismiss the retaliatory discharge claims of plaintiffs Lillie, Hidalgo, and Honaker.  However, the court further ordered that plaintiffs would "be permitted to file a motion to amend the Complaint seeking to cure the deficiencies identified herein." Memorandum Opinion and Order of April 28, 2011, p.10.

A scheduling order was entered on May 13, 2011.  That scheduling order required that the joinder of any party or amendment of any pleading be completed by no later than June 15, 2011.  On June 15, 2011, plaintiffs filed their second motion to amend the complaint.  The second amended complaint mirrored the

first amended complaint but also sought to address the shortcomings noted by the court's Order of April 28, 2011. Defendant has opposed both motions to amend.

## II.  Standard of Review

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend its pleading "once as a matter of course at any time before a responsive pleading is served . . . [o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  In Foman v. Davis, 371 U.S. 178, 182 (1962), the United States Supreme Court noted that amendment under Rule 15(a) should be freely given absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."

## III.  Analysis

According to Tethys, plaintiffs should not be allowed to amend their complaint to add Cynthia Walker or the negligence claims because they were not diligent in seeking amendment and any amendment would prejudice Tethys.  Given that Cynthia Walker was terminated and/or laid off in early February, Tethys contends that it was unreasonable for plaintiffs to wait more than two months to seek to add Ms. Walker as a plaintiff.  As to the

negligence and negligent misrepresentation counts, Tethys argues that any facts evidencing such claims was in plaintiffs' possession at the time the complaint was filed.

Plaintiffs contend that the approximate two-month delay in seeking to join Ms. Walker does not demonstrate a lack of diligence.  Furthermore, according to plaintiffs, only during depositions taken in late March did they learn for the first time that the representations about the existence of laboratory contracts might more appropriately be classified as negligent misrepresentation and/or negligence rather than fraud.

Based upon the record before it, the court concludes that plaintiffs have not unduly delayed seeking to amend the complaint.  The first motion to amend was filed approximately two months after Cynthia Walker's employment was terminated and less than a month after plaintiffs' "discovery" that they may have claims for negligent misrepresentation.  Given that discovery was still ongoing and a deadline for amendment of pleadings had not yet been set, any delay was not of the magnitude that would justify denial of the right to amend.

Furthermore, the court does not agree that Tethys has been unduly prejudiced by the filing of an amended complaint.  The discovery concerning the negligence claims should largely overlap with the discovery regarding the fraud claims.  Any discovery concerning Cynthia Walker can be completed in advance of trial

and the court will grant Tethys an opportunity to file any dispositive motions regarding Ms. Walker's claims.

Finally, the court does not believe that the record before it demonstrates that the proffered amendment would be futile. The affidavit of Judith Forrest submitted by Tethys does not establish the futility of the claims of Cynthia Walker; rather, it merely shows that there may be a disputed issue of material fact as to the reasons for her termination from employment. As to Tethys' argument that it would be futile to allow plaintiffs to amend the complaint because "this Court does not have personal jurisdiction over Tethys as its contacts with this State are insufficient to establish general jurisdiction such that the Out-of-State Plaintiffs may sue Tethys in a West Virginia Court," the court is not persuaded that the defense of lack of personal jurisdiction has not been waived.[2] In any event, such an

---

[2] A party waives the defense of lack of personal jurisdiction under Rule 12(b)(2) if it "fail[s] to either: (i) make it by motion . . . or (ii) include it in a responsive pleading. . . ." Fed. R. Civ. P. 12(h)(1)(B); see also Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 704 (1982) ("A defense of lack of jurisdiction over the person . . is waived if not timely raised in the answer or a responsive pleading.") (internal citations and quotations omitted). Where a defendant files an answer and fails to raise the defense of lack of personal jurisdiction, "[t]he filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading" absent new matter in the amended complaint. 5C C. Wright, A. Miller, E. Cooper, & R. Freer, Federal Practice and Procedure § 1388 (3d ed. 2008).

The leading commentators are in accord that, once

argument is better raised in a motion to dismiss and Tethys will be permitted to file such a motion if it so chooses.

After a review of the record, the court concludes that there has been no undue delay, bad faith, or dilatory motive on the part of the plaintiffs in filing the motion to amend. Furthermore, defendant would not suffer undue prejudice nor is it clear such an amendment would be futile. Therefore, plaintiffs have established that they are entitled under Rule 15 to amend the complaint.

## IV. Conclusion

---

> having waived the defense of lack of jurisdiction over the person, as Rowley clearly did, Rule 12(g) prevents the defense from being revitalized even though plaintiffs amended their complaint and provided Rowley with an opportunity to file a new motion under Rule 12, or an answer setting forth a defense which Rule 12 would permit to be presented by motion. 2A Moore's Federal Practice P12.22, pp. 2442-43 (1974); Wright and Miller, Federal Practice and Procedure 1388, p. 845 (1969). They conclude, and we agree, that an amendment to the pleadings permits the responding pleader to assert only such of those defenses which may be presented in a motion under Rule 12 as were not available at the time of his response to the initial pleading. An unasserted defense available at the time of response to an initial pleading may not be asserted when the initial pleading is amended.

Rowley v. McMillan, 502 F. 2d 1326, 1332-33 (4th Cir. 1974); see also Jimenez v. Rosenbaum-Cunningham, Inc., No. 07-1066, 2010 WL 1303449, at *5 n.5 (E.D. Pa. Mar. 31, 2010) ("The filing of [an] Amended Complaint d[oes] not . . . revive her right to assert this defense once she failed to raise it in her first responsive pleading."); Abady v. Macaluso, 90 F.R.D. 690, 692 (E.D. Pa. 1981) ("[A] party may not raise a personal jurisdictional objection to an amended complaint if she waived that objection to the initial complaint.").

7

For the reasons discussed above, plaintiffs' second motion to file an amended complaint is GRANTED and the Clerk is directed to file the second amended complaint (attached to the motion to amend). The first motion to amend is DENIED as moot. The Clerk is requested to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 30th day of March, 2012.

ENTER:

David A. Faber
Senior United States District Judge